UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUSTIN JOHNSTON, et al.,<br><br>　　　　Defendants. | Case No.  16-cv-03404-BLF<br><br>**ORDER GRANTING MOTION TO SERVE DEFENDANTS VIA ALTERNATIVE MEANS AND TO EXTEND TIME FOR SERVICE** |

Plaintiff Twitch Interactive, Inc. ("Twitch") brings this action against Defendants for allegedly providing bot services that artificially inflate broadcaster popularity statistics in the gaming community, in an attempt to qualify for compensation through Twitch's program. Compl. ¶¶ 1-2, ECF 1. Twitch has served one but not the remaining defendants. Before the Court is Plaintiff's motion to serve Defendants Alex Renfrow, Erik Bouchouev, Katherine Anjomi, and Michael Anjomi via alternative means at their email addresses. Mot., ECF 29. Twitch also seeks a 120-day extension of time to serve all the unserved defendants. For reasons stated below, the Court GRANTS Twitch's motion.

**I.   DEFENDANTS ALEX RENFROW, KATHERINE ANJOMI, AND MICHAEL ANJOMI**

Based on the exhibits and declarations attached to Twitch's motion, Twitch has been unsuccessful in its numerous attempts to locate and personally serve Defendants at issue in this motion. For example, for Defendant Renfrow, Twitch reviewed the hosting history of internet domains registered to him and emailed him at numerous email addresses. Mot. 2-3. Twitch also sent the complaint and summons via FTP, and received a confirmation that the FTP notifications were viewed. *Id.* at 3; Exs. N-P, AA, BB. Twitch further sent an investigator to locate Defendant

Renfrow, who made multiple inquiries as to his whereabouts in California, to no avail. *Id.* at 4. As for the Anjomis, Twitch performed the same review and engaged private investigators to physically locate them. *Id.* at 2-3; 5. Twitch obtained confirmation that the Anjomis had downloaded the files via FTP. Exs. CC, DD. Twitch also received a letter from Fred A. Fenster, stating that his firm had "been retained by Michael and Katherine Anjomi . . . to represent them in connection with the above-entitled matter." Klein Decl. ¶ 18; Ex. HH. However, Mr. Fenster represented that he is not authorized to accept service on the Anjomis' behalf. Mot. 5; Klein Decl. ¶ 18.

Federal Rule of Civil Procedure 4(e)(1) provides the applicable authority for serving an individual within a judicial district of the United States:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

To that end, Section 413.30 of the California Code of Civil Procedure states (emphasis added):

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served *in a manner which is reasonably calculated to give actual notice to the party to be served* and that proof of such service be made as prescribed by the court.

In certain circumstances, service by e-mail is permitted under Rule 4(e)(1) and Section 413.30. For example, in *United Health Services, Inc. v. Meyer*, a plaintiff offered evidence that it tried to serve the defendant in a number of ways, including having a process server find the defendant at her address of record as well as her home address, retaining a private investigator to locate and serve the defendant, mailing a copy of the summons and complaint with a notice of acknowledgment of receipt for the defendant to return, and e-mailing the defendant about the pending action on multiple occasions. None of these attempts were fruitful. No. 12-6197, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013). The Court in *Meyer* thus granted the plaintiff's motion to serve the defendant by e-mail, in light of other evidence that the defendant had used her

2

1  e-mail address to send thirty-five messages to the plaintiff, including communications concerning
2  their litigation. *Id.* at *2.

3  Likewise in *Aevoe Corporation v. Pace*, e-mail service was allowed where the plaintiff had
4  made "reasonable" attempts to serve the defendant. No.11-3215, 2011 WL 3904133, at *2 (N.D.
5  Cal. Sept. 6, 2011). These attempts included the plaintiff calling the defendant's phone numbers,
6  e-mailing the defendant, mailing the complaint to the defendant's known addresses, attempting to
7  personally serve the defendant, and retaining a private investigator to track the defendant down.
8  *Id.*

9  Based on the showing made by Twitch, the Court finds that Twitch has made substantial
10 efforts like the plaintiffs in *Meyer* and *Aevoe*, in an attempt to personally serve Defendants
11 Renfrow, Katherine Anjomi, and Michael Anjomi. Moreover, like the cases discussed above, the
12 Court finds that in these circumstances, service by e-mail would be "reasonably calculated to give
13 actual notice" to the defendants. *See* Cal. Civ. Proc. Code § 413.30. This is in light of Twitch's
14 multiple emails that were successfully delivered to Defendants' email addresses, as well as the
15 confirmation received by Twitch that the Anjomis had downloaded the documents sent by FTP
16 and that Renfrow had viewed the FTP notifications. Specifically for Defendants Katherine
17 Anjomi and Michael Anjomi, the Court also finds that service on Mr. Fenster is appropriate
18 because Mr. Fenster represents the Anjomis in settlement discussions with Twitch and service on
19 him would be "reasonably calculated to give actual notice" to the Anjomis. Ex. HH.

20 **II.    DEFENDANT ERIK BOUCHOUEV**

21 Like the other Defendants, Twitch made substantial efforts in attempting to locate and to
22 serve Defendant Bouchouev. Twitch reviewed Defendant Bouchouev's internet domains, emailed
23 Bouchouev multiple times, confirmed that the FTP notification was received, and sent an
24 investigator to make multiple inquiries, including talking to Bouchouev's mother in the
25 Netherlands. Mot. 4-6; Pickor Decl. ¶¶ 7-10; Ex. X. Twitch currently has no lead on
26 Bouchouev's whereabouts. Klein Decl. ¶ 14.

27 Rule 4(f)(3), governing service in foreign countries, permits service "by other means not
28 prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) requires a

3

plaintiff to show that (1) service is not prohibited by international agreement, and (2) the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002); *D.Light Design, Inc. v. Boxin Solar Co.*, No. 13-5988-EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015).

Because no physical address is known, the Hague Convention does not apply and Court is not aware of an applicable international agreement that would prohibit email service. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1, *ratified on* April 24, 1967, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known"); *D.Light Design*, 2015 WL 526835, at *2 (noting that the Hague Convention does not apply because the physical addresses of the defendants are unknown); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-5666, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).

The Court additionally finds that in these circumstances, service by e-mail would be "reasonably calculated to apprise" Bouchouev of this action. This is based on Twitch's multiple emails that were successfully delivered to Bouchouev's email address, as well as the confirmation received by Twitch that Bouchouev had received the FTP notification.

### III. EXTENSION OF TIME

Twitch also requests an extension of time to serve Defendants Renfrow, the Anjomis, Pelagatti, Sharaffodin, and Bouchouev. Fed. R. Civ. Proc. 4(m) requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). A defendant's evasion of service can be "good cause." *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985). In support of "good cause," "[a] plaintiff may also [] show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Even if a good cause finding is not necessary, Twitch has demonstrated good cause here.

Twitch has been diligent in attempting to locate and serve the defendants and a significant amount of time was required for Twitch to perform its investigations. The facts presented to the Court are consistent with potential evasion of service. There is no evidence that Defendants will suffer prejudice if the Court were to grant this extension because the proceeding is still at its early stage. In contrast, dismissing the claims against Defendants would prejudice Twitch.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

The motion to serve Defendants Renfrow and Bouchouev the complaint and all future documents in this action via e-mails is GRANTED. Defendant Alex Renfrow shall be served via email at sexygurl1505@gmail.com, blastgram@gmail.com, and sales@famehomies.com. Defendant Erik Bouchouev shall be served via email at noxalis@hotmail.com and twitchviewerbot@gmx.ch.

The motion to serve Defendants Katherine Anjomi and Michael Anjomi the complaint and all future documents in this action via e-mails and via mail service on their counsel is GRANTED. Defendants Michael Anjomi and Katherine Anjomi shall be served via email at twitchshop.com@gmail.com, upitpromo@gmail.com, vegaskathy@yahoo.com, and manjomi@gmail.com; and via their counsel, Fred A. Fenster, Esq., using overnight mail.

The Court also GRANTS Twitch a 120-day extension to serve Defendants Renfrow, the Anjomis, Pelagatti, Sharaffodin, and Bouchouev.

**IT IS SO ORDERED.**

Dated: January 19, 2017

_____
BETH LABSON FREEMAN
United States District Judge