Judith B. Jennison, CA Bar No. 165929
JJennison@perkinscoie.com
Joseph P. Cutler, WA Bar No. 37234 (*pro hac vice*)
JCutler@perkinscoie.com
Holly M. Simpkins, WA Bar No. 33297 (*pro hac vice*)
HSimpkins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Andrew N. Klein, CA Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERIK BOUCHOUEV, an individual d/b/a TWITCH-BUDDY.COM , TWITCH-VIEWERBOT.COM, TWITCH-VIEWERBOT.NET, STREAMBOT.COM, and BLACKDESERTBOT.COM; JUSTIN JOHNSTON, an individual d/b/a TWITCHSTARTER.COM and TWITCHSTARTER.TV; MICHAEL AND KATHERINE ANJOMI, individuals d/b/a as UPITPROMO, INC.; POORIA SHARAFFODIN, an individual d/b/a BABATOOLS.COM and STREAM-VIEWERS.COM; MARCO PELAGATTI, an individual d/b/a as TWITCHSWISS.COM; ALEX RENFROW, an individual d/b/a STREAMHOMIES.COM, and DOES 1-25, <br><br> Defendants. | Case No. 5:16-cv-03404-BLF <br><br> **STIPULATED PERMANENT INJUNCTION** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**FINDINGS AND CONCLUSIONS:**

1.     This is an action for trademark infringement (15 U.S.C. § 1114), unfair competition (17 U.S.C. § 1125(a)), anticybersquatting (15 U.S.C. § 1125(d)), violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030 et seq.), breach of contract, tortious interference with contract, unfair competition (Cal. Bus. & Prof. Code § 17200 et seq.), fraud, violations of the California Computer Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502), and an accounting.

2.     The Complaint alleges that Defendant Justin Johnston violated Plaintiff Twitch Interactive, Inc.'s ("Twitch") rights by guaranteeing Twitch broadcasters more views and followers on Twitch.com if they purchase a subscription to Defendant's services through Defendant's websites, located at www.twitchstarter.com and www.twitchstarter.tv.  Twitch also alleges that Defendant advertises his services through his Twitchstarter.com Facebook and Twitter accounts, and also by sending unsolicited messages to Twitch users via the Twitch chat system.  Twitch further alleges that Defendant uses the Twitch mark, including on his websites, without Twitch's permission and in a manner that is likely to deceive consumers as to his association or affiliation with Twitch.

3.     In the Complaint, Twitch sought injunctive relief, among other relief.

4.     The Court has original subjection matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a), (d) and the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

5.     The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

6.     Venue is proper in this Court under 28 U.S.C. § 1391.

7.     The Court has personal jurisdiction over Defendant for the purposes of entry and enforcement of this Permanent Injunction.

**INJUNCTION**

Based on the Stipulation of the Parties, Defendant is enjoined as follows:

1. Defendant will not directly or indirectly provide any product or service that offers to increase the viewers and/or followers for Twitch broadcasters.

2. Defendant will transfer the domain names twitchstarter.com and twitchstarter.tv to Twitch and will permanently disable the services previously offered at the websites associated with those domain names. Defendant will not attempt to re-register these domain names or register any other domain names that include the word "twitch" or any confusingly similar word(s).

3. Defendant will not use or access any services offered by Twitch ("Twitch Services") except in compliance with Twitch's Terms of Use.

4. Defendant will not directly or indirectly use the TWITCH mark or any confusingly similar derivation or imitation thereof.

5. Defendant will not create, write, develop or assist in the creation, writing or development of any robot, crawler, spider, software, program, device or the like that interacts in any way with the Twitch Services.

6. Defendant will not use, offer, advertise, sell, or provide, or assist in the use, offer, advertising, sale or provision of any robot, crawler, spider, software, program, device or the like that interacts with the Twitch Services.

**BINDING EFFECT**

IT IS FURTHER ORDERED that this Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributers, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Injunction by personal service or otherwise.

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Injunction is final and may not be appealed by any of the parties. The Court shall retain jurisdiction for the purposes of construing, modifying, and enforcing this Permanent Injunction.

**IT IS SO ORDERED.**

DATED: March 1, 2017

Hon. Beth Labson Freeman
United States District Judge