United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN JOHNSTON, et al.,<br><br>Defendants. | Case No. 16-cv-03404-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SEEK LIMITED DISCOVERY** |

Plaintiff Twitch Interactive, Inc. ("Twitch") brings this action against Defendants for allegedly providing bot services that artificially inflate broadcaster popularity statistics in the gaming community, in an attempt to qualify for compensation through Twitch's program. Compl. ¶¶ 1-2, ECF 1. Twitch now moves for leave to seek limited discovery on Defendants Michael and Katherine Anjomi (the "Anjomis") and third-party payment service providers and financial institutions associated with Defendants Erik Bouchoev, the Anjomis, and Alex Renfrow (collectively, "Defendants"). Mot., ECF 43. Defendants have failed to appear and the motion is unopposed. Pursuant to Civ. L.R. 7-1(b), the Court finds Twitch's motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for July 13, 2017. For the reasons set forth below, the Court GRANTS Twitch's motion.

I.  **BACKGROUND**

Twitch broadcasts gaming-related content over the Internet and provides forums for users to play, stream, watch, and discuss video games. *E.g.*, Compl. ¶¶ 1, 21-31. Twitch also evaluates individual broadcasters' popularity by tracking, among other things, how many people view the

broadcaster's stream, and rewards popular broadcasters by sharing revenue through its Partnership Program. *Id.* ¶¶ 1, 2, 21-31.  According to Twitch's complaint, Defendants operated bot services that falsely inflate usage in order to deceive Twitch into believing that certain broadcasters are more popular than they really are.  *Id.* ¶ 3, 43-51.  Twitch also alleges that it found that Defendants used third-party payment services such as PayPal to facilitate financial transactions with individuals who purchase these bot services.  *See, e.g.*, *id.*, Ex. D at 2, 7; *id.*, Ex. B at 7; *id.*, Ex. G at 4; *see also* Simpkins Decl.") ¶ 2-4, ECF 43-2; Exs. A-C, ECF 43-3 (screen captures of relevant websites showing that Defendants used PayPal).

Twitch further alleges that Defendants advertised their services using the Twitch trademarks in a manner that is likely to deceive consumers about the services' affiliations with Twitch, and violated Twitch's Terms and Guidelines to which Defendants agreed when they created accounts with Twitch or otherwise accessed the Twitch website.  *See* Compl. ¶¶ 34, 69, 79, 120; Exs. B, B-II, D, D-II, G, G-II.

In June 2016, Twitch filed suit against Defendants for various claims including trademark infringement, 15 U.S.C. § 1114; unfair competition, 15 U.S.C. § 1125(a); cybersquatting; and breach of contract.  Compl. ¶¶ 122-45, 155-64.  Over the course of several months, Twitch attempted to locate and personally serve Defendants without much success.  *See* Twitch's Mot. for Alternative Service of Process, ECF 29.  This Court then granted Twitch leave to serve certain Defendants by alternative means.  ECF 33.  Twitch successfully served those Defendants on January 24, 2017.  ECF 35.  Defendants Bouchouev, the Anjomis, and Renfrow did not respond to the Complaint, and the Clerk entered default as to them on March 8, 2017.  ECF 41.

Now pending before the Court is Twitch's motion for leave to conduct limited discovery to obtain information in support of a future motion for default judgment against Defendants, specifically for information on damages associated with at least the following claims: trademark infringement, unfair competition, cybersquatting, and breach of contract.  Mot. 2.

## II. LEGAL BACKGROUND

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure.  Rule 26 provides in pertinent part that:

2

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Trial courts have broad discretion in granting or denying discovery. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant").

Generally, Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts apply a "good cause" standard in considering motions to expedite discovery. *Semitool, Inc. v. Tokyo Electron Am.*, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Fin.Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool*, 208 F.R.D. at 276.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. *Id.*; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages. *See Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007); *Adobe Sys. Inc. v. Max Bunhey, et al.*, No. 131365, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013).

### III. DISCUSSION

As alleged in the complaint, Defendants' bot services and their use of Twitch's trademarks form the basis for the asserted causes of action. Defendants failed to respond to the complaint. As a result, Twitch has been prevented from participating in a Rule 26(f) conference and from obtaining discovery from Defendants as to the scope of their unlawful activities and the revenue generated by those activities.

On March 8, 2017, a Default by Clerk was entered against Defendants based on their failure to plead or otherwise defend in this action as directed by the Summons and as provided by the Federal Rules of Civil Procedure. ECF 41. Twitch is in the process of drafting a motion for default judgment against Defendants in which it may request an award of statutory damages or actual damages, loss profits, costs of the action, injunctive relief, as well as other relief. Mot. 4. However, without discovery, Twitch cannot make an informed decision as to the type of relief and the scope of that relief. *Id.*

On this motion, Twitch first seeks discovery from payment processors and financial institutions of Defendants, one of which is Paypal. *Id.* at 1, 4-6. For example, Twitch needs discovery relating to the prices Defendants charged for the unlawful bot services and any other revenue information, which is in the possession of Defendants and the third-party payment processors and the financial institution they used. *Id.* at 4. Twitch also anticipates that receiving information on Defendant Renfrow from third-party payment processor would enable it to confirm his real identity. *Id.* at 4 n.1. Such requested information is reasonably calculated to lead to relevant and admissible information about Defendants' revenues or profits. *E.g.*, *Blizzard Entm't, Inc. v. Reeves*, No. 09-7621, 2010 WL 4054095, at *2 (C.D. Cal. Aug. 10, 2010) (on a motion for default judgment, finding satisfactory the evidence based on financial transactions reflected in PayPal's records to demonstrate a defendant's gross revenue). Without Defendants' participation in this action, discovery on third-party payment processors and financial institutions of Defendants may be the only means to obtain evidence in support of Twitch's motion for default judgment and claim for damages. As such, Twitch has shown good cause to proceed with the proposed narrowly-tailored discovery. *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis.

4

2007) (permitting expedited discovery in a case involving a defaulted defendant because "absent limited discovery," plaintiff cannot "obtain information relevant to the issues of class certification and damages").

Twitch also seeks leave to serve discovery on the Anjomis because they continue to be represented by counsel and thus may be more likely than other Defendants to respond to discovery requests. Mot. 6. Specifically, Twitch seeks the following discovery: (1) a complete list of bot services owned, operated or managed by the Anjomis; (2) customer information and usage statistics; (3) the revenue and profits the Anjomis derived from their bot services; (4) the source code of any and all Twitch-compatible software the Anjomis used to provide the bot services; and (5) other services the Anjomis' bot services depend on, such as, but not limited to, open proxies and virtual private server (VPS) providers. *Id.* These proposed areas of discovery are related to the scope of the Anjomis' alleged unlawful activities and the revenue generated by those activities. For the same reasons discussed above with respect to third-party payment processors, the discovery sought here is reasonably calculated to lead to evidence in support of a motion for default judgment and a request for damages. Twitch also cannot conduct traditional discovery as the Anjomis refused to participate in this action.

Accordingly, the Court finds that Twitch has established good cause to warrant expedited discovery in this matter in order to support the anticipated motion for entry of default judgment and the claim for damages. *Semitool, Inc.*, 208 F.R.D. at 276.

## IV. ORDER

Based on the foregoing, the Court GRANTS Twitch's motion for leave to seek immediate discovery. Twitch may seek discovery from Defendants Michael Anjomi and Katherine Anjomi pertaining to: (1) the scope of their unlawful activity, including a complete list of bot services owned, operated or managed by the Anjomis, customer information and usage statistics, revenue and profits; (2) the source code of any and all Twitch-compatible software used to provide the bot services; and (3) other services the bot services depend on, such as, but not limited to, open proxies and VPS providers.

Twitch is also granted leave to seek discovery from the payment processors and financial

institutions of Defendants Michael Anjomi, Katherine Anjomi, Erik Bouchouev, and Alex Renfrow.

**IT IS SO ORDERED.**

Dated: March 27, 2017

_____
BETH LABSON FREEMAN
United States District Judge