1 | Judith B. Jennison, CA Bar No. 165929
JJennison@perkinscoie.com
2 | Joseph P. Cutler, WA Bar No. 37234 (*pro hac vice*)
JCutler@perkinscoie.com
3 | Holly M. Simpkins, WA Bar No. 33297 (*pro hac vice*)
HSimpkins@perkinscoie.com
4 | PERKINS COIE LLP
1201 Third Avenue, Suite 4900
5 | Seattle, WA 98101-3099
Telephone: 206.359.8000
6 | Facsimile: 206.359.9000

7 | Andrew N. Klein, CA Bar No. 300221
AKlein@perkinscoie.com
8 | PERKINS COIE LLP
3150 Porter Drive
9 | Palo Alto, CA 94304
Telephone: 650.838.4300
10 | Facsimile: 650.838.4350

11 | Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., | Case No. 5:16-cv-03404-BLF (NMC) |
| Plaintiff, | **DECLARATION OF HOLLY M. SIMPKINS IN SUPPORT OF PLAINTIFF TWITCH INTERACTIVE, INC.'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| ERIK BOUCHOUEV, an individual d/b/a TWITCH-BUDDY.COM , TWITCH-VIEWERBOT.COM, TWITCH-VIEWERBOT.NET, STREAMBOT.COM, and BLACKDESERTBOT.COM; JUSTIN JOHNSTON, an individual d/b/a TWITCHSTARTER.COM and TWITCHSTARTER.TV; MICHAEL AND KATHERINE ANJOMI, individuals d/b/a as UPITPROMO, INC.; POORIA SHARAFFODIN, an individual d/b/a BABATOOLS.COM and STREAM-VIEWERS.COM; MARCO PELAGATTI, an individual d/b/a as TWITCHSWISS.COM; ALEX RENFROW/JARED KELLY, an individual d/b/a STREAMHOMIES.COM, and DOES 1-25, | Hearing Date: May 10, 2018
Time: 9:00 a.m.
Judge: Hon. Beth L. Freeman
Courtroom: 3, 5th Floor |
| Defendants. | |

-1-

**DECLARATION OF HOLLY M. SIMPKINS**

I, Holly M. Simpkins, declare as follows:

1. I am an attorney licensed to practice law before the courts of the State of Washington and am admitted *pro hac vice* in this matter. I am Senior Counsel at Perkins Coie LLP, and counsel in this action for Plaintiff Twitch Interactive, Inc. ("Twitch"). I submit this declaration in support of Twitch's Motion for Attorneys' Fees. I have personal knowledge of the facts stated herein and, if called upon, could and would testify hereto.

2. After filing the Complaint on June 17, 2016, Twitch attempted to locate and personally serve the Anjomis but was unsuccessful.

3. During this timeframe, Twitch counsel engaged in settlement discussions with the Anjomis' attorney.

4. Pursuant to this Court's order granting Twitch's Motion to Seek Limited Discovery, Twitch served subpoenas on e-commerce provider PayPal, Inc. and several financial institutions associated with the Anjomis. Twitch also served discovery directly on the Anjomis. The Anjomis did not respond.

5. PayPal and the Anjomis' financial institutions responded to Twitch's subpoenas with hundreds of pages of documents and summaries showing how the Anjomis processed payments from their unlawful activities. Twitch learned from these documents and summaries that the Anjomis generated more than $1.3 million in revenue from their bot scheme.

6. During the pendency of this lawsuit, the Anjomis continued to operate their illegal bot services, requiring us to spend resources on monitoring and investigation.

7. Twitch's core legal team on this matter includes me, Judy Jennison (Partner), Andrew Klein (Associate) and Lauren Staniar (Associate). Our experience and qualifications are reflected in our biographies, which are attached hereto as Exhibit A.

8. Ms. Jennison has more than 25 years of experience representing companies and individuals in intellectual property matters, including eight years as an in-house lawyer at Microsoft. Ms. Jennison's practice focuses on copyright, trade secret and trademark litigation. She has represented Microsoft and Facebook as well as other clients in the Northern District of

California. Ms. Jennison's hourly rate varied over the course of this matter. Twitch seeks to recover for only the lowest rate charged by Ms. Jennison, which was $635 per hour.

9. I have more than 10 years of experience litigating intellectual property cases. My practice focuses on prosecution and defense of trademark and copyright claims. I regularly appear in federal courts throughout the country and before the Trademark Trial and Appeal Board. Recent matters in this Court include *Hotel Tonight, Inc. v. Batmer S.A.R.L.*, Case No. 3:13-cv-01101-WHA; *Hikari Sales USA, Inc. v. Spectrum Brands Holdings, Inc. et al.*, Case No. 3:14-cv-05009-JD; *Epic Games, Inc. et al. v. Mendes et al.*, Case No. 3:17-cv-06223-LB; *Epic Games, Inc. et al. v. Gosai*, Case No. 3:18-cv-00152-CRB, and *Epic Games, Inc. et al. v. Josefsson et al.*, Case No. 4:17-cv-05961-HSG. I've represented numerous clients in intellectual property matters including, in addition to the above, Microsoft, Amazon, and Google. My hourly rate for this matter varied over the course of this matter. Twitch seeks to recover for only the lowest rate charged for my time, which was $570 per hour.

10. Mr. Klein is a fourth-year associate at Perkins Coie. His practice focuses on intellectual property litigation, including patent, trademark, copyright, and trade secret litigation. Mr. Klein regularly practices in this and other federal district courts and courts of appeal. Mr. Klein's hourly rate for this matter was $340 for tasks billed in 2015 and 2016 and $425 for tasks billed in 2017.

11. Ms. Staniar is a third-year associate at Perkins Coie, with one year of experience in private practice and two years as a clerk at the Ninth Circuit Court of Appeals. Ms. Staniar's practice focuses on copyright and trademark litigation, consumer protection and general commercial litigation. Ms. Staniar's hourly rate for this matter was $390 for all tasks.

12. As part of our normal practice, attorneys working on client matters submit time entries by date that include the time spent and description of the work performed. Ms. Jennison, Mr. Klein, Ms. Staniar and I followed that practice for this case. Per Local Rule 54-5, a statement of the services rendered by Ms. Jennison, Mr. Klein, Ms. Staniar and me, together with a summary of the time spent by each person, is reflected in the table below. This table was compiled from contemporaneously created time records. All time in the below table is rounded to

the nearest tenth of an hour. Should the Court wish to review the invoices in more detail, we will provide the Court with a summary of the contemporaneous time records or the complete time records for in camera inspection.

| Timekeeper | Phase | Statement of the Services Rendered | Hours |
|---|---|---|---|
| Judy Jennison | Complaint | Reviewed and revised the complaint and offered high-level guidance regarding strategy. | 1.7 |
| | Service of Process | Directed efforts to locate and serve the Anjomis; reviewed and revised Motion for Alternate Service. | 2.1 |
| | Discovery and Related Motions | Reviewed and revised Motion for Limited Discovery; and reviewed and revised draft discovery. | .80 |
| | Motion for Default Judgment | Reviewed and revised Motion for Default Judgment; reviewed and revised supporting declarations. | 4.1 |
| | TOTAL | | **8.7** |
| Holly Simpkins | Service of Process | Coordinated, drafted, reviewed and revised Motion for Alternate Service and associated documents; coordinated service. | 7.1 |
| | Discovery and Related Motions | Coordinated, reviewed and revised Motion for Limited Discovery; reviewed and revised discovery requests to the Anjomi defendants; reviewed and revised the third-party subpoenas to the PayPal and the Anjomis' financial institutions; reviewed and analyzed the document production from PayPal, Bank of America, Wells Fargo, and JP Morgan Chase. | 8.1 |
| | Motion for Default Judgment | Coordinated, drafted, reviewed and revised Motion for Default Judgment and associated documents. | 9.8 |
| | TOTAL | | **25** |
| Andrew Klein | Complaint Drafting | Gathered and synthesized information on defendants; researched potential causes of action; drafted complaint. | 17.9 |
| | Service of Process | Researched and drafted Motion for Alternate Service and associated documents; assembled service packets. | 11.9 |

-4-

SIMPKINS DECLARATION
(NO. 5:16-CV-03404-BLF (NMC))

| | | | |
|---|---|---|---|
| | Discovery and Related Motions | Reviewed, revised and filed Motion for Limited Discovery and supporting documents. | 1.4 |
| | Motion for Default Judgment | Coordinated filing of Motion for Default Judgment. | .80 |
| | **TOTAL** | | **32** |
| Lauren Staniar | Discovery and Related Motions | Researched and drafted Motion for Limited Discovery and supporting documents; drafted discovery requests to the Anjomi defendants; drafted subpoenas to PayPal and the Anjomis' financial institutions; oversaw service of same; fielded questions from and worked with PayPal and the Anjomis' financial institutions with respect to the subpoenas; reviewed and analyzed the discovery responses from PayPal, Bank of America, Wells Fargo, and JP Morgan Chase. | 19.9 |
| | Motion for Default Judgment | Researched and drafted Motion for Default Judgment and supporting documents; analyzed third-party discovery to substantiate the requested damages; oversaw filing of the same. | 49.1 |
| | **TOTAL** | | **69** |
| **Total all timekeepers** | | | **134.7** |

13.     This was a multi-defendant case, and some of the tasks on which the core team worked related to all defendants. In order to apportion time between defendants, each task was weighted with the proportion of time the timekeeper spent on the Anjomi defendants relative to the other defendants. For example, for time entries that relate to drafting the Complaint—which involved six defendants[1]—we assumed that the timekeeper spent 1/6 of his or her time on the Anjomi defendants. For time entries that relate to the Motion for Limited Discovery, which Twitch sought for three defendants including the Anjomis, we assumed the timekeeper spent 1/3 of his or her time on the Anjomis.

14.     We omitted from the above table 19.3 hours spent on case management and related tasks. For example, we omitted time spent communicating with the client about the case, finalizing and filing the ADR certification, working on administrative motions to extend time, and preparing for and attending the case management conference. We also reduced the total hours

---

[1] For purposes of this analysis we treat the Anjomis as one defendant.

spent by each timekeeper to reflect any potential duplication in tasks. Finally, we omitted considerable time spent by a non-core partner, paralegal, associate. The above table therefore reflects a conservative estimate of the time Twitch's counsel spent obtaining the successful result in this case.

15. Twitch seeks to recover fees incurred at the following hourly rates for each core member of Twitch's legal team: $635 for Ms. Jennison; $570 for me; $340 for tasks Mr. Klein billed in 2015 and 2016 and $425 for tasks Mr. Klein billed in 2017; and $390 for Ms. Staniar. Based on my experience and review of comparable cases, these rates are consistent with rates charged by other lawyers in the Northern District of California with similar skill and experience.

16. Attached hereto as Exhibit B is a true and correct copy of excerpts from the American Intellectual Property Association, *2017 Report of the Economic Survey* (June 2017), which confirms that these requested rates are reasonable and appropriate.

17. Twitch also seeks costs associated with filing and prosecuting this action against the Anjomi defendants. The requested costs are shown in the following table:

| Item / Task | Weighted Amount |
|---|---|
| Filing Fee | $66.67 |
| Investigator Fees | $1,690.33 |
| *Pro Hac Vice* fee for Core Team | $50.83 |
| Subpoena Service, Production Costs, and Associated Fees | $314.42 |
| **TOTAL** | **$2,122.25** |

18. As with the fees, we weighted each request by the amount that can be attributed to the Anjomi defendants. So for the Complaint filing fee—which relates to all six defendants—Twitch allocated only 1/6 of the cost to the Anjomis. But for the subpoena-related costs, which relate to three defendants, Twitch allocated 1/3 of the costs to the Anjomis.

19. Counsel for Twitch have not met and conferred with the Anjomis or the lawyer who has stated in the past that he represents them regarding this motion because the Anjomis

have not appeared in this action and have refused to engage with Twitch. We will, however, serve the motion on the Anjomis via email and on their counsel by email and UPS.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of February, 2018, at Seattle, Washington.

          s/*Holly M. Simpkins*
          Holly M. Simpkins

-7-