UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., <br> Plaintiff, <br> v. <br> JUSTIN JOHNSTON, et al., <br> Defendants. | Case No. 16-cv-03404-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> [Re: ECF 58] |

On January 22, 2018, this Court granted in part and denied in part Plaintiff Twitch Interactive, Inc.'s ("Twitch") motion for default judgment against Defendants Michael and Katherine Anjomi (collectively, "the Anjomis") and entered judgment in favor of Plaintiff.[1] ECF 55, 56. The Court awarded Twitch attorneys' fees and litigation costs incurred in this action, pursuant to 15 U.S.C. § 1117(a), the amount to be determined after Twitch submitted a motion for attorneys' fees. Order Granting in Part and Denying in Part Pl.'s Mot. for Default J. ("Prior Order") 23–24, ECF 55. Presently before the Court is Twitch's motion for attorneys' fees and costs and the Declaration of Holly M. Simpkins in support of Twitch's motion. Mot., ECF 58; Simpkins Decl., ECF 59. Twitch seeks to recover $57,802.50 in attorneys' fees and $2,122.25 in costs. Mot. 1. Because the Court has already determined that an award of fees and costs is appropriate (Prior Order 23–24), the Court must now determine whether Twitch's attorney fees and the claimed costs are reasonable.

In calculating awards for attorneys' fees, courts use "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523

---

[1] The Court denied the full amount of damages requested by Twitch.

F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)) (internal quotation marks and citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). The moving party bears the burden of providing relevant documentation demonstrating the reasonableness of the hours spent on the litigation. *Hensley*, 461 U.S. at 433. In the absence of adequate documentation supporting the number of hours expended on the lawsuit, "the district court may reduce the award accordingly." *Id*. "The district court also should exclude from this initial [lodestar] calculation hours that were not 'reasonably expended.'" *Id.* at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)).

When determining the reasonable hourly rate, the court must weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 886 (1984). Once calculated, the lodestar amount, which is presumptively reasonable, may be further adjusted based on other factors not already subsumed in the initial lodestar calculation. *Morales*, 96 F.3d at 363–64, 363 nn.3–4 (identifying factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

### A.     Reasonableness of Rates

Twitch seeks to recover fees for work performed by four attorneys: Judy Jennison (Partner), Holly M. Simpkins (Senior Counsel), Andrew Klein (Associate), and Lauren Staniar (Associate). Mot. 4. Twitch does not seek fees for another partner and associate and the paralegal who also worked on this case. *Id.* The hourly rates of the four attorneys are as follows:

| **Attorney** | **Hourly Rate** | **Title** |
|---|---|---|
| Judy Jennison | $635 | Partner |
| Holly M. Simpkins | $570 | Senior Counsel |
| Andrew Klein | $340 (prior to 2017) $425 (for 2017) | Associate |
| Lauren Staniar | $390 | Associate |

2

Simpkins Decl. ¶¶ 8–11. According to Twitch, Ms. Jennison's hourly rate varied over the course of this case, but it seeks to recover for only the lowest rate charged by Ms. Jennison. *Id.* ¶ 8. Likewise, Twitch seeks to recover for only the lowest rate charged by Ms. Simpkins. *Id.* ¶ 9. In support of its request, Twitch, who bears the burden of establishing reasonableness, states that the rates listed are reasonable in light of recent awards in this District. Mot. 5 (collecting cases).

The Court agrees with Twitch. Courts in this District generally have "determined that rates ranging from $225 to $600 are reasonable" in an intellectual property case. *Livingston v. Art.com*, Case No. 13-cv-03748-JSC, 2015 WL 4319851, at *12 (N.D. Cal. Apr. 17, 2015) (Report & Recommendation) (reviewing cases from this District), *adopted as modified on other issues*, 2015 WL 4307808 (N.D. Cal. July 15, 2015). Moreover, courts have noted that rates for some attorneys range from $600 to $900 per hour. *Goldberg v. Cameron*, No. C-05-03534 RMW, 2011 WL 3515899, at *7 (N.D. Cal. Aug. 11, 2011); *see also In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591–92 (N.D. Cal. 2015) ("In the Bay Area, 'reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.'"). Indeed, the American Intellectual Property Law Association report submitted by Twitch shows that some attorneys with 25 years of experience charge an hourly rate of more than $600. *See* Ex. B to Simpkins Decl., ECF 59-1. Here, Ms. Jennison has more than 25 years of experience representing companies and individuals in intellectual property matters. Simpkins Decl. ¶ 8. Thus, Ms. Jennison's hourly rate of $635 is within the reasonable range as noted by other courts in this District. Likewise, the other three attorneys' rates fall well within the range determined to be reasonable. Given the consistency with other courts' determination, and, based on the Court's prior experience, the Court finds the requested rates to be reasonable in light of the attorneys' skill and experience.

### B. Reasonableness of Hours

The Court next considers the reasonableness of the hours expended. The Court cannot "uncritically" accept a plaintiff's representations; rather, it must assess the reasonableness of the hours requested. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In making this determination, the Court can reduce hours when documentation is inadequate, or when the

3

requested hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34.

This action is a multi-defendant case and some of the tasks performed by the four attorneys were related to all defendants. Mot. 5. To account for this factor, Twitch reasonably weighted the proportion of time each attorney spent in connection to the Anjomis as opposed to other defendants. Simpkins Decl. ¶ 13. As such, Twitch seeks fees for time spent only on the Anjomis. Mot. 6. Twitch submitted hourly records divided by task for each attorney, as follows:

**Judy Jennison**

| Phase | Statement of the Service Rendered | Hours |
|---|---|---|
| Complaint | Reviewed and revised the complaint and offered high-level guidance regarding strategy. | 1.7 |
| Service of Process | Directed efforts to locate and serve the Anjomis; reviewed and revised Motion for Alternate Service. | 2.1 |
| Discovery and Related Motions | Reviewed and revised Motion for Limited Discovery; and reviewed and revised draft discovery. | 0.8 |
| Motion for Default Judgment | Reviewed and revised Motion for Default Judgment; reviewed and revised supporting declarations. | 4.1 |
| **Total** | | **8.7** |

**Holly Simpkins**

| Phase | Statement of the Service Rendered | Hours |
|---|---|---|
| Service of Process | Coordinated, drafted, reviewed and revised Motion for Alternate Service and associated documents; coordinated service. | 7.1 |
| Discovery and Related Motions | Coordinated, reviewed and revised Motion for Limited Discovery; reviewed and revised discovery requests to the Anjomi defendants.<br><br>Reviewed and revised the third-party subpoenas to the PayPal and the Anjomis' financial institutions; reviewed and analyzed the document production from PayPal, Bank of America, Wells Fargo, and JP Morgan Chase. | 8.1 |
| Motion for Default Judgment | Coordinated, drafted, reviewed and revised Motion for Default Judgment and associated documents. | 9.8 |
| **Total** | | **25.0** |

### Andrew Klein

| Phase | Statement of the Service Rendered | Hours |
|---|---|---|
| Complaint Drafting | Gathered and synthesized information on defendants; researched potential causes of action; drafted complaint. | 17.9 |
| Service of Process | Researched and drafted Motion for Alternate Service and associated documents; assembled service packets. | 11.9 |
| Discovery and Related Motions | Reviewed, revised and filed Motion for Limited Discovery and supporting documents. | 1.4 |
| Motion for Default Judgment | Coordinated filing of Motion for Default Judgment. | 0.8 |
| **Total** | | **32.0** |

### Lauren Staniar

| Phase | Statement of the Service Rendered | Hours |
|---|---|---|
| Discovery and Related Motions | Researched and drafted Motion for Limited Discovery and supporting documents; drafted discovery requests to the Anjomi defendants.<br><br>Drafted subpoenas to PayPal and the Anjomis' financial institutions; oversaw service of same; fielded questions from and worked with PayPal and the Anjomis' financial institutions with respect to the subpoenas; reviewed and analyzed the discovery responses from PayPal, Bank of America, Wells Fargo, and JP Morgan Chase. | 19.9 |
| Motion for Default Judgment | Researched and drafted Motion for Default Judgment and supporting documents; analyzed third-party discovery to substantiate the requested damages; oversaw filing of the same. | 49.1 |
| **Total** | | **69.0** |

Simpkins Decl. ¶ 12. Twitch states that it omits from the above tables 19.3 hours spent on case management and related tasks. *Id.* ¶ 14. The total time in the above tables amount to 134.7 hours. *Id.*

Twitch also submits a breakdown of the (1) hours and fees by *timekeeper* and (2) hours

and fees by *task* as set forth below:

Hours and fees by timekeeper

| Timekeeper | Hourly Rate | Hours | Fees Requested |
|---|---|---|---|
| Judy Jennison | $635 | 8.7 | $5,524.50 |
| Holly Simpkins | $570 | 25 | $14,250.00 |
| Andrew Klein | $340/$425 | 32 | $11,118.00 |
| Lauren Staniar | $390 | 69 | $26,910.00 |
| TOTAL | | 134.7 | $57,802.50 |

Hours and fees by task

| Task | Hours | Fees Requested |
|---|---|---|
| Background Investigation and Complaint Drafting | 19.6 | $7,165.50 |
| Service & Related Motions | 21.1 | $9,477.50 |
| Discovery & Related Motions | 30.2 | $13,481.00 |
| Motion for Default Judgment | 63.8 | $27,678.50 |
| TOTAL | | $57,802.50 |

Mot. 6. As set forth in the above tables, the work performed by Twitch's counsel can be divided into four categories.

The first category of work includes pre-complaint investigation, gathering and synthesizing information on the Anjomis, researching and analyzing potential causes of action, and drafting the Complaint. *See* Simpkins Decl. ¶ 12. Given the thoroughness of the Complaint, and the complexity of this case, as reflected in the number of causes of action and numerous exhibits attached to the Complaint (*see* ECF 1), the Court finds 19.6 hours to be reasonable.

The second category of work, service of the Complaint, includes time spent pursuing service, directing efforts to locate the Anjomis, and preparing and filing a motion for alternate service. *See* Simpkins Decl. ¶ 12. Given the difficulty in locating and serving the Anjomis, and the fact that Twitch had to develop alternative strategies to effectuate service, the Court finds 21.1 hours to be reasonable.

The third category of work involves limited discovery on the Anjomis. Due to the

Anjomis' failure to defend this action, the Court allowed Twitch to seek limited discovery so that Twitch could obtain evidence to prepare its motion for default judgment and claim for damages. ECF 45. In this process, Twitch prepared discovery requests to the Anjomis, prepared and filed a motion for limited discovery, prepared subpoenas directed to multiple financial institutions, and reviewed discovery responses from those institutions. *See* Simpkins Decl. ¶ 12. Considering the complexity of discovery and the process of conducting discovery on third-parties, the Court finds 30.2 hours expended for discovery to be reasonable.

The fourth category of work, seeking default against the Anjomis, reflects the time spent researching and drafting the motion for default judgment, preparing supporting documents, and analyzing third-party documents to substantiate the request for damages. *See* Simpkins Decl. ¶ 12. The Court recognizes that Twitch's motion for default judgment was thorough and attached numerous exhibits to substantiate its claim for damages. Moreover, Twitch conducted a detailed calculation and analysis based on the Anjomis' financial documents produced by third-parties to prove its damages. As such, the Court finds 63.8 hours expended for this purpose reasonable.

The Court also notes that Twitch voluntarily reduced its fee request. In particular, Twitch states that counsel utilized more personnel than in a typical case because of the Anjomis' prolonged efforts to evade service of process and the length of time over which this case proceeded. Mot. 8. Twitch does not seek fees for considerable time spent by a paralegal and another partner and associate who assisted in the investigation, case strategy, and other tasks in this matter. *Id.*; *see* Simpkins Decl. ¶ 14. Twitch also reduced the overall number of hours spent by the four attorneys on various tasks to account for any possible duplication. Mot. 8; Simpkins Decl. ¶ 14. In addition, Twitch does not seek fees for the time spent to prepare and file the instant motion. Mot. 8. The voluntary reduction and conservative time reported by Twitch's counsel adequately address any concern the Court might have regarding hours expended prosecuting the case. Thus, the Court finds no reason to further reduce the lodestar amount. The total fees requested are reasonable and will be awarded.

In sum, the Court finds the hours spent on this case to be reasonable in light of the work accomplished and the skill and expertise of the attorneys. Accordingly, the Court does not find it

necessary or appropriate to adjust the lodestar amount.

**C.  Costs**

Twitch seeks $2,122.25 as reimbursement for costs related to this lawsuit. Simpkins Decl. ¶ 17. The requested costs are shown in the following table:

| Item / Task | Weighted Amount |
|---|---|
| Filing Fee | $66.67 |
| Investigator Fees | $1,690.33 |
| *Pro Hac Vice* fee for core team | $50.83 |
| Subpoena Service, Production Costs, and Associated Fees | $314.42 |
| **Total** | $2,122.25 |

Twitch weighted each item by the amount that can be attributed to the Anjomis. Simpkins Decl. ¶ 18. Such an approach to weighting the costs is reasonable. Finding the requested costs reasonable, the Court awards Twitch $2,122.25 in costs.

**D.  Order**

For the foregoing reasons, IT IS HEREBY ORDERED that Twitch shall recover attorneys' fees in the amount of $57,802.50 and costs in the amount of $2,122.25, for a total of $59,924.75.

Twitch may submit a proposed amended judgment to reflect this award.

**IT IS SO ORDERED.**

Dated: July 31, 2018

BETH LABSON FREEMAN
United States District Judge

8