EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)*: | FOR COURT USE ONLY |
|---|---|
| Amir Gamliel, Bar No. 268121<br>Perkins Coie LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067 | |

TELEPHONE NO: 310-788-9900   FAX NO. *(Optional)*: 310-788-3399
E-MAIL ADDRESS *(Optional)*: agamliel@perkinscoie.com
ATTORNEY FOR *(Name)*: Twitch Interactive, Inc.

[✓] ATTORNEY FOR  [✓] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 280 S. First Street
MAILING ADDRESS: 280 S. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: U.S. District Court, Northern District (San Jose)

PLAINTIFF: Twitch Interactive, Inc.

DEFENDANT: Erik Bouchouev et al

**AMENDED** [✓]
**WRIT**
**OF**
[✓] EXECUTION (Money Judgment)
[ ] POSSESSION OF  [ ] Personal Property
[ ] [ ] Real Property
[ ] SALE

CASE NUMBER:
16-cv-03404 -BLF

1. **To the Sheriff or Marshal of the County of:** NORTHERN DISTRICT OF CALIFORNIA
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* Twitch Interactive, Inc.
   is the [✓] judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

   Michael Anjomi
   twitchshop.com@gmail.com; upitpromo@
   gmail.com; manjomi@gmail.com
   (See attached Order for email service)

   409 METEORITE CIR, LAS VEGAS, NV 89128-1659

   3165 SAWTELLE BLVD APT 109
   LOS ANGELES, CA 90066-1419

   [✓] Additional judgment debtors on next page

5. **Judgment entered** on *(date):*
   6/19/2019

6. [ ] **Judgment renewed** on *(dates):*

7. **Notice of sale** under this writ
   a. [✓] has not been requested.
   b. [ ] has been requested *(see next page)*.
8. [ ] Joint debtor information on next page.

[SEAL]

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . $ 1,431,063.75
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . $ 0
13. Subtotal *(add 11 and 12)* . . . . . . . . . $ 1,431,063.75
14. Credits . . . . . . . . . . . . . . . . . . . . $ 0
15. Subtotal *(subtract 14 from 13)* . . . . . . $ 1,431,063.75
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . . $ 28,563.26
17. Fee for issuance of writ . . . . . . . . . . . $ 0
18. **Total** *(add 15, 16, and 17)* . . . . . . . . . . $ 1,459,627.01
19. Levying officer:
   (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. . . . . . $ 70.18
   (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . . $ 0
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Susan Y. Soong

Issued on *(date):* 8/3/2020   Clerk, by *Susie F. Barrera*, Deputy

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010,
Government Code, § 6103.5
www.courtinfo.ca.gov

EJ-130

| PLAINTIFF: Twitch Interactive, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT: Erik Bouchouev et al | 16-cv-03404 |

— Items continued from page 1—

21. ☑ **Additional judgment debtor** *(name and last known address):*

Kathy Anjomi
twitchshop.com@gmail.com;
upitpromo@gmail.com;
vegaskathy@yahoo.com (see attached Order)

Kathy Anjomi
409 METEORITE CIR, LAS VEGAS, NV 89128-1659

3165 SAWTELLE BLVD APT 109
LOS ANGELES, CA  90066-1419

22. ☐ **Notice of sale** has been requested by *(name and address):*

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989–994)
   a. on *(date):*
   b. name and address of joint debtor:

   a. on *(date):*
   b. name and address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize):*

24. ☐ *(Writ of Possession* or *Writ of Sale) Judgment* was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on *(date):*
      **(Check (1) or (2)):**
      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
            The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
            (a) $                     was the daily rental value on the date the complaint was filed.
            (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
                dates *(specify):*
   b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. Description of property:

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying
officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced
as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the
occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real
property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on
the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the
judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the
time the judgment creditor takes possession of the premises.
► *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

EJ-130 [Rev. January 1, 2006]                     **WRIT OF EXECUTION**                     Page 2 of 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

TWITCH INTERACTIVE, INC.,

Plaintiff,

v.

JUSTIN JOHNSTON, et al.,

Defendants.

Case No.  16-cv-03404-BLF

**ORDER GRANTING MOTION TO SERVE DEFENDANTS VIA ALTERNATIVE MEANS AND TO EXTEND TIME FOR SERVICE**

Plaintiff Twitch Interactive, Inc. ("Twitch") brings this action against Defendants for allegedly providing bot services that artificially inflate broadcaster popularity statistics in the gaming community, in an attempt to qualify for compensation through Twitch's program. Compl. ¶¶ 1-2, ECF 1. Twitch has served one but not the remaining defendants. Before the Court is Plaintiff's motion to serve Defendants Alex Renfrow, Erik Bouchouev, Katherine Anjomi, and Michael Anjomi via alternative means at their email addresses. Mot., ECF 29. Twitch also seeks a 120-day extension of time to serve all the unserved defendants. For reasons stated below, the Court GRANTS Twitch's motion.

## I. DEFENDANTS ALEX RENFROW, KATHERINE ANJOMI, AND MICHAEL ANJOMI

Based on the exhibits and declarations attached to Twitch's motion, Twitch has been unsuccessful in its numerous attempts to locate and personally serve Defendants at issue in this motion. For example, for Defendant Renfrow, Twitch reviewed the hosting history of internet domains registered to him and emailed him at numerous email addresses. Mot. 2-3. Twitch also sent the complaint and summons via FTP, and received a confirmation that the FTP notifications were viewed. *Id.* at 3; Exs. N-P, AA, BB. Twitch further sent an investigator to locate Defendant

1  Renfrow, who made multiple inquiries as to his whereabouts in California, to no avail. *Id.* at 4.

2  As for the Anjomis, Twitch performed the same review and engaged private investigators to

3  physically locate them. *Id.* at 2-3; 5. Twitch obtained confirmation that the Anjomis had

4  downloaded the files via FTP. Exs. CC, DD. Twitch also received a letter from Fred A. Fenster,

5  stating that his firm had "been retained by Michael and Katherine Anjomi . . . to represent them in

6  connection with the above-entitled matter." Klein Decl. ¶ 18; Ex. HH. However, Mr. Fenster

7  represented that he is not authorized to accept service on the Anjomis' behalf. Mot. 5; Klein Decl.

8  ¶ 18.

9      Federal Rule of Civil Procedure 4(e)(1) provides the applicable authority for serving an

10  individual within a judicial district of the United States:

11          Unless federal law provides otherwise, an individual – other than a
           minor, an incompetent person, or a person whose waiver has been
12          filed – may be served in a judicial district of the United States by:
           (1) following state law for serving a summons in an action brought
13          in courts of general jurisdiction in the state where the district court
           is located or where service is made . . . .

14      To that end, Section 413.30 of the California Code of Civil Procedure states (emphasis

15  added):

16          Where no provision is made in this chapter or other law for the
           service of summons, the court in which the action is pending may
17          direct that summons be served *in a manner which is reasonably*
           *calculated to give actual notice to the party to be served* and that
18          proof of such service be made as prescribed by the court.

19      In certain circumstances, service by e-mail is permitted under Rule 4(e)(1) and Section

20  413.30. For example, in *United Health Services, Inc. v. Meyer*, a plaintiff offered evidence that it

21  tried to serve the defendant in a number of ways, including having a process server find the

22  defendant at her address of record as well as her home address, retaining a private investigator to

23  locate and serve the defendant, mailing a copy of the summons and complaint with a notice of

24  acknowledgment of receipt for the defendant to return, and e-mailing the defendant about the

25  pending action on multiple occasions. None of these attempts were fruitful. No. 12-6197, 2013

26  WL 843698, at *1 (N.D. Cal. Mar. 6, 2013). The Court in *Meyer* thus granted the plaintiff's

27  motion to serve the defendant by e-mail, in light of other evidence that the defendant had used her

28

2

United States District Court
Northern District of California

1    e-mail address to send thirty-five messages to the plaintiff, including communications concerning

2    their litigation. *Id.* at *2.

3       Likewise in *Aevoe Corporation v. Pace*, e-mail service was allowed where the plaintiff had

4    made "reasonable" attempts to serve the defendant. No.11-3215, 2011 WL 3904133, at *2 (N.D.

5    Cal. Sept. 6, 2011). These attempts included the plaintiff calling the defendant's phone numbers,

6    e-mailing the defendant, mailing the complaint to the defendant's known addresses, attempting to

7    personally serve the defendant, and retaining a private investigator to track the defendant down.

8    *Id.*

9       Based on the showing made by Twitch, the Court finds that Twitch has made substantial

10    efforts like the plaintiffs in *Meyer* and *Aevoe*, in an attempt to personally serve Defendants

11    Renfrow, Katherine Anjomi, and Michael Anjomi. Moreover, like the cases discussed above, the

12    Court finds that in these circumstances, service by e-mail would be "reasonably calculated to give

13    actual notice" to the defendants. *See* Cal. Civ. Proc. Code § 413.30. This is in light of Twitch's

14    multiple emails that were successfully delivered to Defendants' email addresses, as well as the

15    confirmation received by Twitch that the Anjomis had downloaded the documents sent by FTP

16    and that Renfrow had viewed the FTP notifications. Specifically for Defendants Katherine

17    Anjomi and Michael Anjomi, the Court also finds that service on Mr. Fenster is appropriate

18    because Mr. Fenster represents the Anjomis in settlement discussions with Twitch and service on

19    him would be "reasonably calculated to give actual notice" to the Anjomis. Ex. HH.

20    **II.    DEFENDANT ERIK BOUCHOUEV**

21       Like the other Defendants, Twitch made substantial efforts in attempting to locate and to

22    serve Defendant Bouchouev. Twitch reviewed Defendant Bouchouev's internet domains, emailed

23    Bouchouev multiple times, confirmed that the FTP notification was received, and sent an

24    investigator to make multiple inquiries, including talking to Bouchouev's mother in the

25    Netherlands. Mot. 4-6; Pickor Decl. ¶¶ 7-10; Ex. X. Twitch currently has no lead on

26    Bouchouev's whereabouts. Klein Decl. ¶ 14.

27       Rule 4(f)(3), governing service in foreign countries, permits service "by other means not

28    prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) requires a

1   plaintiff to show that (1) service is not prohibited by international agreement, and (2) the method

2   of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the

3   pendency of the action and afford them an opportunity to present their objections." *Rio*

4   *Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002); *D.Light Design, Inc.*

5   *v. Boxin Solar Co.*, No. 13-5988-EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015).

6        Because no physical address is known, the Hague Convention does not apply and Court is

7   not aware of an applicable international agreement that would prohibit email service.  Hague

8   Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

9   Commercial Matters, art. 1, *ratified on* April 24, 1967, 20 U.S.T. 361 ("This Convention shall not

10  apply where the address of the person to be served with the document is not known"); *D.Light*

11  *Design*, 2015 WL 526835, at *2 (noting that the Hague Convention does not apply because the

12  physical addresses of the defendants are unknown); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-5666,

13  2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).

14       The Court additionally finds that in these circumstances, service by e-mail would be

15  "reasonably calculated to apprise" Bouchouev of this action.  This is based on Twitch's multiple

16  emails that were successfully delivered to Bouchouev's email address, as well as the confirmation

17  received by Twitch that Bouchouev had received the FTP notification.

18  **III.   EXTENSION OF TIME**

19       Twitch also requests an extension of time to serve Defendants Renfrow, the Anjomis,

20  Pelagatti, Sharaffodin, and Bouchouev.  Fed. R. Civ. Proc. 4(m) requires a district court to grant

21  an extension of time if good cause is shown and permits the district court to grant such an

22  extension even absent good cause.  *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003).

23  A defendant's evasion of service can be "good cause."  *Wei v. State of Hawaii*, 763 F.2d 370, 371

24  (9th Cir. 1985).  In support of "good cause," "[a] plaintiff may also [] show the following: (a) the

25  party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer

26  no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

27  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

28       Even if a good cause finding is not necessary, Twitch has demonstrated good cause here.

United States District Court
Northern District of California

1    Twitch has been diligent in attempting to locate and serve the defendants and a significant amount

2    of time was required for Twitch to perform its investigations.  The facts presented to the Court are

3    consistent with potential evasion of service.  There is no evidence that Defendants will suffer

4    prejudice if the Court were to grant this extension because the proceeding is still at its early stage.

5    In contrast, dismissing the claims against Defendants would prejudice Twitch.

6

7    **IV.    ORDER**

8            For the foregoing reasons, IT IS HEREBY ORDERED that:

9            The motion to serve Defendants Renfrow and Bouchouev the complaint and all future

10   documents in this action via e-mails is GRANTED.  Defendant Alex Renfrow shall be served via

11   email at sexygurl1505@gmail.com, blastgram@gmail.com, and sales@famehomies.com.

12   Defendant Erik Bouchouev shall be served via email at noxalis@hotmail.com and

13   twitchviewerbot@gmx.ch.

14           The motion to serve Defendants Katherine Anjomi and Michael Anjomi the complaint and

15   all future documents in this action via e-mails and via mail service on their counsel is GRANTED.

16   Defendants Michael Anjomi and Katherine Anjomi shall be served via email at

17   twitchshop.com@gmail.com, upitpromo@gmail.com, vegaskathy@yahoo.com, and

18   manjomi@gmail.com; and via their counsel, Fred A. Fenster, Esq., using overnight mail.

19           The Court also GRANTS Twitch a 120-day extension to serve Defendants Renfrow, the

20   Anjomis, Pelagatti, Sharaffodin, and Bouchouev.

21

22           **IT IS SO ORDERED.**

23

24   Dated: January 19, 2017

25

26                                                   BETH LABSON FREEMAN
                                                     United States District Judge
27

28

5